```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


ROBERT ALVAREZ,                    §
TDCJ-CID NO. 12046637,             §
                                   §
              Petitioner,          §
                                   §
v.                                 §
                                   §   CIVIL ACTION NO. H-06-1653
NATHANIEL QUARTERMAN, Director,    §
Texas Department of Criminal       §
Justice, Correctional              §
Institutions Division,             §
                                   §
              Respondent.          §
```

**MEMORANDUM OPINION AND ORDER**

Petitioner, Robert Alvarez, is a person in state custody who brings this action seeking a Writ of Habeas Corpus (Docket Entry No. 8). Pending before the court is Respondent Nathaniel Quarterman's Motion for Summary Judgment with Brief in Support (Docket Entry No. 20). For the reasons stated below, Respondent's motion will be granted, and Alvarez's Petition for a Writ of Habeas Corpus by a Person in State Custody will be dismissed.

## I. Background

The facts of Alvarez's crime were summarized by the Fourteenth Court of Appeals as follows:

> On October 8, 2002, Rito Davila was visiting Lorie Alvarez, [Alvarez's] sister. [Alvarez] and Belinda Molina, his girlfriend, arrived at his sister's house. After [Alvarez] began arguing with his sister, Davila decided to leave, stating that he

>      did not want to have any problems with [Alvarez].
>      As Davila drove away, [Alvarez] fired a shotgun at
>      him.  [Alvarez] got into his girlfriend's car and
>      chased Davila.  [Alvarez] shot at Davila again as
>      they drove down the road.  Davila drove off the road
>      and came to a stop on someone's yard.  [Alvarez]
>      fatally shot Davila and left.
>
>      On November 18, 2002, Officer Chance Davis and
>      Texas Ranger Freeman Martin saw [Alvarez's]
>      girlfriend drive her car to a house that was under
>      surveillance based on a tip that [Alvarez] was
>      inside.  Because they could not tell whether
>      [Alvarez] was in the car when she later drove away,
>      Officer Davis stayed to watch the house while Ranger
>      Martin followed her.  When she stopped at a store,
>      Ranger Martin found [Alvarez] in the back seat and
>      arrested him.  Both [Alvarez] and his girlfriend
>      were taken to the police station, but after
>      [Alvarez] confessed, his girlfriend was released.[1]

Alvarez was charged by indictment with murder.[2]  He pleaded not guilty to the charge but the jury found him guilty of murder and sentenced Alvarez to forty-eight years' imprisonment on October 9, 2003.[3]  Alvarez filed a brief in the Court of Appeals for the Fourteenth District of Texas, arguing that the trial court erred in overruling his motion to suppress his post-arrest confession because it was obtained as a result of coercion by the arresting officers.[4]  The state court overruled Alvarez's argument

---

[1] Alvarez v. State, No. 14-03-01159-CR, slip op., 2004 WL 2438972, at *1 (Tex. App. -- Houston [14th Dist.] Nov. 2, 2004, pet. ref'd) (footnote omitted).

[2] Ex parte Alvarez, Appl. No. WR-63,584-01, p. 40.

[3] Id. at 41.

[4] Alvarez v. State, No. 14-03-01159-CR, Appellant's Original Brief.

and affirmed the trial court's judgment.[5]  Alvarez then filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was refused on June 8, 2005.[6]

Alvarez filed a state habeas application in the trial court on October 19, 2005.[7]  He argued that the trial court erred in denying his motion to suppress the written confession by applying the wrong standard, that the written confession was a product of police coercion and verbal threats to charge his girlfriend with a crime, and that he was questioned after invoking his right to remain silent in violation of Miranda v. Arizona, 86 S. Ct. 1602 (1966), resulting in the written confession.[8]  The trial court entered findings of fact and conclusions of law and recommended that petitioner's applications be denied.[9]  The Texas Court of Criminal Appeals denied habeas relief without written order on August 30, 2006.[10]

---

[5]Alvarez v. State, No. 14-03-01159-CR, slip op., 2004 WL 2438972, at *2 (Tex. App. -- Houston [14th Dist.] Nov. 2, 2004, pet. ref'd).

[6]Alvarez v. State, No. PD-0038-05, 2005 Tex. Crim. App. LEXIS 851, at *1.

[7]Ex parte Alvarez, Appl. No. WR-63,584-01.

[8]Id. at 7-8, 10-23.

[9]Id. at 32-33.

[10]Id. at cover.

Alvarez filed the instant application for writ of habeas corpus in this court on August 30, 2006.[11]  On January 16, 2007, respondent filed the pending motion for summary judgment (Docket Entry No. 20).  Alvarez has not responded to respondent's motion.

## II.  Standards of Review

**A.  Habeas Corpus**

A court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Courts review pure questions of law and mixed questions of law and fact under subsection (d)(1) and questions of fact under subsection (d)(2).  Martin v. Cain, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v.

---

[11]Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 8.

Taylor, 120 S. Ct. 1495, 1523 (2000).  A decision is an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Id.  The court "*cannot* reverse the denial of habeas relief simply by concluding that the state court decision applied clearly established federal law *erroneously*."  Martin, 246 at 476 (citing Williams, 120 S. Ct. at 1521) (emphasis in original).  "Determination of a factual issue made by a State court shall be presumed to be correct," and the prisoner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.    Summary Judgment**

Summary judgment is warranted when evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 106 S. Ct. at 2553.  In response to such a showing, the nonmoving party must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case,

-5-

demonstrating the existence of genuine issues of material fact that must be resolved at trial.  Id.

While "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000), the rule applies only to the extent that it does not conflict with the habeas rules. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002), overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562 (2004). Therefore, 28 U.S.C. § 2254(e)(1), which mandates that findings of fact made by a state court are "presumed to be correct," overrides the ordinary rule that in a summary judgment proceeding all disputed facts must be construed in the light most favorable to the nonmoving party.  Id.  Unless petitioner can rebut the presumption of correctness by clear and convincing evidence as to the state court's findings of fact, they must be accepted as correct."  Id.

### III.  Analysis

As grounds for relief, Alvarez alleges that (1) the trial court erred in denying his motion to suppress the written confession on the grounds that it was the product of coercive police tactics and by not applying the proper "harm analysis" in denying his motion, (2) his Miranda rights were violated when law enforcement continued to question him after he asserted his right to remain silent, resulting in the involuntary confession, and

(3) the trial court violated its own rules and the Texas constitution by refusing to "properly answer" his state habeas writ.[12]  Except for the third claim, these are the same arguments Alvarez made in his state habeas application.

### A.   Coercive Police Conduct Claim

Alvarez alleges that the trial court erred in denying his motion to suppress his written confession because it was the product of police threats and coercion.  He claims that Officer Martin "suggested . . . that IF he loved his wife, he should confess to the offense or faced having his wife sent to prison for harboring a fugitive [for] ten years or more."[13]  Alvarez states that the officers "kept parading [his] wife, telling him that his wife was also under arrest, when . . . there was no cause for holding her."[14]  Alvarez also argues that the trial court "simply

---

[12]Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 8, pp. 7-8; Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, pp. 3-14.  Alvarez divides the first allegation into two separate grounds in his petition.  Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 8, p. 7.  Because these claims are inexorably intertwined, the court discusses them together.

[13]Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, pp. 6-7.  While the state appellate court referred to Brenda Molina as Alvarez's girlfriend, it acknowledged that he refers to her as his common-law wife.

[14]Id. at 7.  Alvarez also claims that the arresting officers threatened his girlfriend that they would remove her children if
(continued...)

did not consider the circumstances for the motion to suppress or that the record reflected an involuntary written confession."[15]

"[C]ertain interrogation techniques, either in isolation or as applied to the unique characteristics of a particular suspect, are so offensive to a civilized system of justice that they must be condemned under the Due Process Clause of the Fourteenth Amendment." Miller v. Fenton, 106 S. Ct. 445, 449 (1985). Involuntary confessions, secured by means "revolting to the sense of justice," cannot be used to secure a conviction. Id. "Coercive police conduct is a necessary prerequisite to the conclusion that a confession was involuntary, and the defendant must establish a causal link between the coercive conduct and the confession." Carter v. Johnson, 131 F.3d 452, 462 (5th Cir. 1997) (citing Colorado v. Connelly, 107 S. Ct. 515, 520 (1986)).

The voluntariness of a confession is ultimately a legal determination. Miller, 106 S. Ct. at 449. This court must respect the state court's determination of voluntariness as long as it was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); Barnes v. Johnson, 160 F.3d 218,

---

[14](...continued)
she did not submit a statement regarding the alleged offense. However, this "statement" was one given to the grand jury and was not entered into evidence at trial or discussed in front of the jury. Reporter's Record, pp. 117, 150-53.

[15]Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, p. 3.

222 (5th Cir. 1998). The state court's factual subsidiary determinations are presumed to be correct and are overturned only if they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); Barnes, 160 F.3d at 222. Alvarez must rebut this presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Barnes, 160 F.3d at 222. In particular, the "determination of whether officers engaged in coercive tactics to elicit a confession is a question of fact" entitled to such deference. Carter, 131 F.3d at 462.

Alvarez raised these issues on direct appeal and the state appellate court rejected his contention that the police explicitly or impliedly threatened to charge Molina until he confessed. When he raised these arguments in his petition for discretionary review, the Texas Court of Criminal Appeals refused the petition. On habeas review the state trial court concluded that since Alvarez's "allegation that his confession was coerced was raised on direct appeal and rejected by the Court of Appeals, this allegation need not be reconsidered on habeas."[16] This court must therefore "look through" to the last reasoned state decision, which in this case is the intermediate appellate court's decision. Ylst v. Nunnemaker, 111 S. Ct. 2590, 2594 (1991) ("We think that the attribution necessary for federal habeas purposes can be facilitated, and sound

---

[16]Ex parte Alvarez, Appl. No. WR-63,584-01, p. 32.

results more often assured, by applying the following presumption: Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

In addressing Alvarez's claim that the officers expressly threatened to charge Molina, the state appellate court recognized that the two arresting officers testified that no threats or promises were made to Alvarez in exchange for his confession.[17] Given the conflicting stories, the court relied on the trial court's determination that the officers' testimony was more credible than Alvarez's testimony and determined that no express threats or promises were made.[18] The court also rejected Alvarez's claim that the officers impliedly threatened to charge Molina because she was taken to the police station at the same time and held until Alvarez confessed. The appellate court determined that because Alvarez was arrested while hiding in the backseat of Molina's car, Alvarez "was the one who placed her under suspicion of wrongdoing."[19] Alvarez offers no evidence to rebut the correctness of these findings other than his own testimony at the

---

[17] Alvarez v. State, No. 14-03-01159-CR, slip op., 2004 WL 2438972, at *2 (Tex. App. -- Houston [14th Dist.] Nov. 2, 2004, pet. ref'd).

[18] Id.

[19] Id.

suppression hearing.[20]  In fact, Alvarez's own conflicting testimony supports the state court's finding.  During the suppression hearing the following exchange took place:

> Q: Nobody threatened you to have you sign that statement, did they?
>
> A: No, sir.
>
> Q: You freely and voluntarily signed that statement?
>
> A: Yes, sir.
>
> Q: Nobody promised you anything to have you sign that statement, did they?
>
> A: No sir.  They just told me about Brenda.  That was only Ranger Martin.
>
> Q: But, I mean, nobody said, if you don't give us a statement –
>
> A: No, sir.
>
> Q: -- we are going to file charges on Brenda; nobody said that, did they?
>
> A: No, sir, not right there.
>
> Q: Is that a yes or a no?
>
> A: No.  That's a no.  But *after* they told me they weren't going to press charges.[21]

---

[20]Alvarez points to Molina's testimony during the suppression hearing in which she claimed that various individuals threatened to take her children away.  Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, p. 6, citing Reporter's Record, pp. 141-44.  However, Alvarez does not explain how these alleged threats made to Molina coerced him to confess, or even that he was aware of such threats since they occurred outside of his presence on a different day.

[21]Reporter's Record, pp. 138-39 (emphasis added).

He also points to no evidence that the trial court did not "consider the circumstances for the motion to suppress or that the record reflected an involuntary written confession" as he claims in his petition.[22]  Because Alvarez cannot rebut the presumption that no coercive police conduct took place, this court cannot conclude that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).  Cf. Carter, 131 F.3d at 462-63.

## B.   Miranda Rights Claim

Alvarez claims that his Miranda rights were violated when law officers continued to question him after he asserted his right to remain silent, resulting in the written confession.[23]  Alvarez did not raise this issue on direct appeal or in his petition for discretionary review, but he did list it in his state habeas corpus application.[24]  Citing Ex parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998), the state habeas court held that this claim

---

[22]Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, p. 3.

[23]Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 8, p. 7.  Alvarez alleges that as he was being arrested and on the way to the police station he told the officers "I have nothing to say!" which he contends invoked his Miranda rights.  Petitioner's Memorandum in Support of Writ of Habeas Corpus 28 § 2254, Docket Entry No. 9, pp. 10-11.

[24]Ex parte Alvarez, Appl. No. WR-63,584-01, p. 8.

constitutes a "record claim which should be raised at trial and presented on direct appeal."[25]  In Ex parte Gardner, 959 S.W.2d at 199, the Texas Court of Criminal Appeals held that state habeas proceedings should not be used to litigate matters that should have been raised on direct appeal.  Respondent urges the court to dispose of this claim on the ground that it has been procedurally defaulted in the state courts.[26]

"The general rule is that a federal habeas court will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground."  Busby v. Dretke, 359 F.3d 708, 718 (5th Cir. 2004) (citing Coleman v. Thompson, 111 S. Ct. 2546).  The Fifth Circuit has recognized that application of the Gardner rule creates a bar to federal habeas review.  Busby, 359 F.3d at 719; Soria v. Johnson, 207 F.3d 232, 249 (5th Cir. 2000).  See also Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) ("During [petitioner's] state habeas proceedings, the trial court, citing Ex parte Gardner, found that [petitioner] had 'forfeited his . . . complaint when he failed to raise it on direct appeal.' . . . We therefore are precluded from reviewing the merits of the claim unless [petitioner] establishes cause for

---

[25]Id. at 32.

[26]Respondent Quarterman's Motion for Summary Judgment with Brief in Support, Docket Entry No. 20, p. 5.

the default and actual prejudice resulting from the constitutional violation.").

"A procedural default will be excused if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or if the default would work a fundamental miscarriage of justice," Busby, 359 F.3d at 718 (internal quotations omitted). However, Alvarez has not raised these issues in the pleadings filed in this court, and has failed to allege facts that would support relief on either of these grounds. Accordingly, the court concludes that Alvarez's claim that his Miranda rights were violated is procedurally barred and not entitled to consideration on federal habeas review.

## C. Violation of State Law Claim

Lastly, Alvarez argues that the state habeas court "violated its own rules and procedures . . . and the Texas constitution" by failing to "properly answer" his state writ.[27] However, "infirmities in state habeas proceedings do not constitute grounds for relief in federal court. That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir. 2001) (internal quotations omitted). Consequently, this claim for relief should be dismissed.

---

[27]Amended Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 8, p. 8.

## IV. Conclusion and Order

For the reasons explained above, Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 20) is **GRANTED**, and Alvarez's amended Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 8) is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of March, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE